## CONTINUATION OF AN APPLICATION FOR A SEIZURE WARRANT

I, Marcel Behnen, being duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this continuation of an application under Rule 41 of the Federal Rules of Criminal Procedure, 21 U.S.C. § 853(f), and 28 U.S.C. § 2461(c) for a warrant to seize the following items: a Glock, Model 21 Gen 4, .45cal pistol, bearing serial number AFNP427 (hereinafter referred to as **SUBJECT FIREARM**); 6 rounds of "SIG 45 AUTO" .45 caliber ammunition (hereinafter referred to as **SUBJECT AMMO**); and $1,751 U.S. Currency (hereinafter referred to as **SUBJECT CURRENCY**) (collectively the **SUBJECT PROPERTY**).

2. The **SUBJECT PROPERTY** was seized on October 24, 2021 at 510 Terrace Ct, Kalamazoo, Michigan, within this judicial district, and has remained in the lawful possession of the Kalamazoo Department of Public Safety ("KDPS"), within this judicial district, since the initial date of seizure.

3. I am a Task Force Officer with the United States Drug Enforcement Administration ("DEA"), United States Department of Justice, and have been so employed since March 2019. I have been a police officer with KDPS for over 13 years, the last 5 years of which I have been assigned as an investigator with the Kalamazoo Valley Enforcement Team ("KVET"), which is tasked with investigating narcotics trafficking. I am currently assigned to the Grand Rapids District Office in the DEA's Detroit Field Division.

4. During my time as a KVET Investigator, I have participated in

investigations of unlawful drug trafficking and, among other things, have conducted or participated in surveillance, the execution of search warrants, debriefings of informants, and reviews of taped conversations and drug records. I have also participated in investigations that included the interception of wire and electronic communications. Through my training, education, and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed, the methods of payment for such drugs, the laundering of narcotics proceeds, and the dialect, lingo, and coded language used by narcotics traffickers.

5. In connection with my duties, I investigate criminal violations of the Federal and State controlled substance laws including, but not limited to, conspiracy and attempt to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846; possession with intent to distribute and distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1); use of communication facilities to facilitate drug trafficking offenses, in violation of 21 U.S.C. § 843(b); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), 18 U.S.C. § 1956(a)(1)(B)(i), and 18 U.S.C.§ 1957.

6. The information set forth in this continuation is based upon my personal knowledge and participation in the investigation described below, as well as information provided to me by other law enforcement officers. I have not set forth all of the information known to me or known to other law enforcement officers

concerning this matter. This continuation is intended to show only that there is sufficient probable cause for the requested seizure warrant.

7.     On March 29, 2022, a federal grand jury in the Western District of Michigan returned an indictment charging Dontavious Dontrell ODAY with the following crimes committed on or about October 24, 2021 (the date of seizure): possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c) (Count 2); and felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g) (Count 3). Additionally, ODAY is charged with the following crime committed on or about November 4, 2021: distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 4). *See* Case No. 1:22-cr-00040-JMB.

8.     The **SUBJECT FIREARM** and **SUBJECT AMMO** are subject to criminal forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) as any firearms and ammunition involved in the commission of the offenses charged in Counts 2 and 3. The **SUBJECT CURRENCY** is subject to criminal forfeiture to the United States pursuant to 21 U.S.C. § 853 as any property, constituting or derived from, any proceeds obtained, directly or indirectly, or any property used, or intended to be used, in any manner or part, to commit, or to facilitate, the commission of the offense charged in Count 1.

## APPLICABLE FORFEITURE STATUTES

9.     I am advised that 21 U.S.C. § 853(a)(1) provides for the criminal

forfeiture of any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 841(a)(1). I am further advised that 21 U.S.C. § 853(a)(2) provides for the criminal forfeiture of any property that is used or intended to be used, in any manner or part, to commit, or facilitate the commission of a violation of 21 U.S.C. § 841(a)(1).

10. I am also advised that 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) provides for the criminal forfeiture of any firearms and ammunition involved in the commission of 18 U.S.C. § 924(c) and 18 U.S.C. § 922(g).

11. I am further advised that the government may request the issuance of a warrant authorizing the seizure of property subject to criminal forfeiture in the same manner as provided for a search warrant under 21 U.S.C. § 853(f). If the court determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture, and that a restraining order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the property for forfeiture, the court shall issue a warrant authorizing the seizure of such property.

12. For the reasons described herein, there is probable cause to believe that the **SUBJECT PROPERTY** is subject to criminal forfeiture upon ODAY's conviction for the offenses charged in the indictment, and that a restraining order is insufficient to assure the availability of the property for forfeiture.

### FACTS SUPPORTING PROBABLE CAUSE

13. In the Spring of 2021, KVET began to investigate ODAY and his

involvement in the distribution of methamphetamine in Kalamazoo County.

14. ODAY's criminal history includes a previous State of Michigan felony conviction out of the Kalamazoo 9th Circuit Court for Police Officer – Fleeing 4th Degree.

15. On March 31, 2021, KVET investigators conducted a controlled buy from ODAY utilizing an Van Buren County Sheriff's Office ("VBCSO") Confidential Source (CS). Under the control of KVET and VBCSO investigators, the CS ordered 2 ounces of methamphetamine from ODAY for $1,300. The CS was directed to a predetermined location by ODAY and successfully purchased what the DEA Lab determined to be 55.293 grams of 100% pure methamphetamine.

16. On April 27, 2021, investigators again arranged a controlled buy from ODAY, this time for 3 ounces of methamphetamine for $1,600. The CS was directed to a predetermined location by ODAY and successfully purchased what the DEA Lab determined to be 83.3 grams of 64% pure methamphetamine.

17. On June 15, 2021, investigators again arranged a controlled buy from ODAY, this time for a 1/2 ounce of methamphetamine for $250. The CS was directed to a predetermined location by ODAY and successfully purchased what the DEA Lab determined to be 14.105 grams of 91% pure methamphetamine.

18. On October 24, 2021, at approximately 12:30 am, KDPS patrol officers responded to 510 Terrace Ct., Kalamazoo, MI on a report of a 911 hang-up. Upon arrival, officers knocked at the front door of the residence, received no answer, and then began checking the backyard while announcing themselves as police, to ensure

no one was hurt in the backyard. In the backyard, an officer observed a subject, later identified as ODAY, sleeping in the front passenger seat of a running vehicle (a 2019 grey BMW sedan with New York plates), and observed what appeared to be a firearm sticking out of ODAY's right pants pocket. ODAY woke up when the officer knocked on the car window and immediately attempted to conceal the firearm. The officer commanded ODAY to show his hands, but ODAY refused and instead tried to get out of the passenger side door. The officer attempted to take ODAY into custody at that time; however, ODAY made multiple efforts thwart the officer's attempts to arrest/detain him while possessing the firearm.

19. Below is a screenshot from the officer's body camera, which fell to the ground while the officer was attempting to arrest ODAY. Circled in red is the butt-end/handle of the firearm ODAY had concealed in his pants pocket.



20. Upon the arrival of a backup officer, ODAY was taken into custody and the **Subject Firearm**, a Glock, Model 21 Gen 4, .45cal pistol, bearing serial number

AFNP427, was removed from ODAY's pants pocket. Officers found the firearm to be loaded with one .45 caliber bullet in the chamber of the firearm and 5 rounds in the magazine. These 6 rounds comprise the seized **Subject Ammo.**

21. Officers continued to search ODAY, ultimately finding a clear plastic baggie containing 6.371 grams of 73% pure methamphetamine, as tested by the DEA North-Central Lab, in his right hoodie pocket. Investigators also recovered and seized the **Subject Currency**, $1,751 in cash, which had fallen from ODAY's person as he was attempting to get out of the car and flee from officers.

22. Based on my training and experience, 6.7 grams of methamphetamine is consistent with a distribution amount of methamphetamine. A typical dose averages around .1 to .2 grams, so ODAY had roughly 33-67 user amounts in his possession this evening. Drug traffickers also commonly possess firearms, which they use to protect themselves, their drugs, and their proceeds from drug sales.

23. ODAY was arrested on State of Michigan charges for possession with intent to distribute methamphetamine, carrying a concealed weapon, felon in possession of a firearm, and resisting/obstructing arrest.

24. ODAY declined to speak with investigators following the arrest.

25. ODAY's girlfriend, Adrianna MCGOWAN, who was inside of 510 Terrace Ct during ODAY's contact with officers/arrest, told investigators that the **Subject Currency** belonged to her, stated it was $2,500 or more which she had been saving, and that she typically stores her money at her mother's house.

26. Law enforcement seized the **SUBJECT PROPERTY** on October 24,

2021, and it has remained in the lawful custody of KDPS since.

27. Officers continued the investigation into ODAY after he was released by the Kalamazoo District Court on bond.

28. On November 4, 2021, investigators with KVET and the Van Buren County Narcotics Team arranged for a different CS to purchase three more ounces of methamphetamine from ODAY for $1,200. ODAY, at the time, was out on bond for the charges related to the October 24, 2021, conduct referenced above, and he equipped with a GPS tether monitoring device as part of his bond conditions. Investigators and the CS contacted ODAY at 269-352-1772 and arranged the deal. Investigators later observed ODAY exit and leave 6169 Apple Grove Ln., Portage, MI, enter a silver Nissan Altima, alone. On his way to the predetermined deal location, ODAY stopped once, briefly meeting with another vehicle, and then continued on to the deal location. Upon arrival in the area, ODAY called the CS and instructed him/her to travel to another location to complete the deal. The CS then traveled to that location where investigators observed him/her entering ODAY's vehicle where he/she remained for approximately 20 seconds, then exited, and returned to his/her vehicle. The CS returned to KVET Inv. Ulman and produced an envelope containing 55.9 grams of 93% pure methamphetamine, according the DEA North-Central Lab.

29. Investigators maintained surveillance on ODAY after the deal. ODAY later re-contacted the CS and advised him/her that he (ODAY) had provided the CS with the "wrong bag" and there was not enough in the "bag" provided. The CS and

ODAY arranged for a second meet to complete the deal; however, this meet did not take place, as it is believed ODAY spotted the surveillance units.

30. On November 5, 2021, investigators set out to arrest ODAY for the 11-4-2021 delivery to the CS. Investigators attempted to arrest ODAY at a marijuana dispensary on Miller Rd.; however, before they could contact ODAY, he spotted them and began smashing one of his cell phones. Eventually ODAY was taken into custody. Two State of Michigan search warrants were conducted, one of which at at 510 Terrace Ct, where in a Dodge Journey (MI-ELE1490), parked in the driveway, investigators located a digital scale in the center console which tested positive for the presence of methamphetamine.

31. Investigators analyzed an iPhone Xr belonging to ODAY, which ODAY had attempted to destroy, pursuant to a State of Michigan search warrant. On the phone, they found evidence linking ODAY to the **Subject Firearm, Subject Currency,** and additional drug transactions. The phone number for this device was also the number utilized by investigators and the CS to order methamphetamine from ODAY during the above mentioned controlled buys.

32. The following is an SMS exchange from 10/23/2021, hours before ODAY was arrested with the methamphetamine, the **Subject Firearm**, and the **Subject Currency**:

```
21:05:21   Jenny:   Hey I need one
21:30:11   ODAY:    Yoo Comin back from Martin
22:03:08   ODAY:    Omw to yu
22:08:54   Jenny:   K
22:10:57   Jenny:   Hey bro I am $25 shirt until they get here with the
```

money. Is that OK. I can hit younwhen they get here or add $25 to my next order.
22:11:23    ODAY:    Yu can add it to the nxt one

33.    The following is an 10/26/2021 iMessage exchange between ODAY and "Lil Man" referencing the arrest, **Subject Currency and Subject Firearm** seizure, and methamphetamine, following ODAY's release from the Kalamazoo County Jail:

14:58:15    ODAY:    Aye they took 1750 is they gone give that back
14:59:28    ODAY:    They gave couple mfs they cheese bck I should get dat shit back huh
15:04:46    Lil Man:    I'm if h got caught with skme it's gone take a while
15:08:50    ODAY:    Only 6gs of glass told them I smke dat shit
15:09:02    ODAY:    N da 45

34.    Based on the evidence recovered during the search warrant, a federal grand jury returned an indictment charging ODAY with various federal crimes, described above. *See* Case No. 1:22-cr-00040-JMB. The indictment contained forfeiture allegations that put ODAY and the court on notice that, in the event ODAY is convicted of any of the offenses, the government will seek forfeiture of the **SUBJECT PROPERTY**.

## CONCLUSION

35.    Pursuant to 21 U.S.C. § 853(f) and 28 U.S.C. § 2461(c), and based upon the above facts, I request the issuance of a warrant authorizing the seizure of the **SUBJECT FIREARM** and **SUBJECT AMMO,** which is all subject to criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and the seizure of the **SUBJECT CURRENCY**, which is subject to criminal forfeiture pursuant to 21 U.S.C. § 853.